UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-22580-Civ-COOKE-BANDSTRA

HONG HUANG,

    Plaintiff

vs.

JANET NAPOLITANO, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS MATTER** is before me upon Defendants' Motion to Dismiss and Memorandum of Law. (ECF No. 25). I have reviewed the motion, Plaintiff's Memorandum in Opposition (ECF No. 39), Defendants' Reply (ECF No. 41), and pertinent authority. Defendants argue that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**I.    Introduction**

Plaintiff Hong Huang, a.k.a., Linda Huang, a citizen of China, filed an application for naturalization (Form N-400) on January 27, 2009, pursuant to INA § 316(a), 8 U.S.C. § 1427(a). Huang subsequently appeared for interviews in connection with her application. On March 8, 2010, the U.S. Citizenship and Immigration Services ("USCIS") denied Huang's N-400 application and issued her a Notice to Appear, initiating removal proceedings against her. The removal proceedings are pending. On April 6, 2010, Huang filed an administrative appeal of the denial of her N-400 application pursuant to 8 U.S.C. § 1447(a). This appeal is pending. On May 10, 2010, Huang filed a complaint for *de novo* review of the USCIS's denial of her N-400 application pursuant to INA § 310 (c), 8 U.S.C. § 1421(c), for a declaratory judgment that she is eligible for naturalization, for relief of violations of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, and for a preliminary

injunction staying removal proceedings pending the district court's *de novo* review of her N-400 application.

## II. Legal Standards

### A. Motion to Dismiss – Fed. R. Civ. P. 12(b)(1)

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction)(citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction – its authority to hear the case – and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.) (1981), cert. denied, 454 U.S. 897 (1981)).

### B. Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration, when ruling on a motion to dismiss, is limited to the claims and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

**III.   Discussion**

    **A.   This Court Lacks Jurisdiction under 8 U.S.C. § 1421(c)**

Section 1421(c) provides that "[a] person whose application for naturalization . . . is denied, *after a hearing before an immigration officer under section 1447(a) of this Title*, may seek review of such denial before the United States district court . . . ." (emphasis added). Section 1447(a) provides that an applicant for naturalization may request a hearing before an immigration officer upon denial of such application. Huang filed an appeal requesting a hearing before the immigration officer on the denial of her N-400 application. Because Huang has not yet attended this hearing, she has not fully exhausted her administrative remedies.

Huang argues that, notwithstanding the exhaustion requirement clearly set forth in section 1421(c), she need not exhaust her administrative remedies in this case because it would be futile to do so.  In support of this argument, Huang points to the fact that USCIS lacks the authority to review her naturalization application while removal proceedings are pending.  *See* 8 U.S.C. § 1429.  A court, however, "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *see also Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) (holding that a mandatory statutory exhaustion requirement "may not be dispensed with merely by a judicial conclusion of futility").

Here, Congress has specifically mandated by statute that a person seeking review of the denial of a naturalization application must submit to "a hearing before an immigration officer under section 1447(a)" before she may seek *de novo* review in a federal district court.  8 U.S.C. § 1421(c).  "[S]tatutorily created exhaustion requirements bind the parties and the courts.  When a statute requires exhaustion, a petitioner's failure to do so deprives [a court] of jurisdiction."  *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029.

Huang does not dispute that she has not fully complied with the statutory exhaustion requirements.  In order to seek de novo review in a federal district court, she is therefore required to attend a hearing before the immigration officer as prescribed by statute.

**B.     This Court Lacks Jurisdiction under the APA**

Huang also asserts jurisdiction under the APA.  Huang provides a citation only to 5 U.S.C. § 706, which governs the scope of judicial review, whereas 5 U.S.C. § 704 specifies the types of actions over which a federal district court has jurisdiction.  Federal jurisdiction is lacking when the administrative action is not "final" within the meaning of 5 U.S.C. § 704.  *Fenin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 877 (11th Cir. 2009).  Section 704 provides that "agency action made

4

reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.  For an agency action to be considered final it must: (1) "mark the consummation of the agency's decisionmaking process-it must not be of a merely tentative or interlocutory nature"; and (2) "be one by which rights or obligations have been determined, or from which legal consequences will flow." *Fenin*, 572 F.3d at 877.

   The USCIS's denial of Huang's naturalization application does not amount to a "consummation of the agency's decisionmaking process" from which any legal consequences will flow.  Huang has filed an appeal pursuant to Section 1447(a) requesting a hearing before an immigration officer to review the denial of her naturalization application.  This appeal is currently pending.  Additionally, the USCIS has initiated removal proceedings against Huang.  The USCIS has not yet reached any decision regarding removal.  A final agency action would result only upon the conclusion of Huang's administrative appeal or removal proceeding.  At that point, she would be free to file another complaint seeking declaratory, injunctive, or any other available relief.

  **C.**  **The Declaratory Judgment Act does not Provide an Independent Basis for Jurisdiction**

   Finally, Huang asserts jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  The Declaratory Judgment Act, however, does not provide an independent basis for a federal court to exercise subject matter jurisdiction.  *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008) ("[I]t is well-established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts.").  Because there is no federal question ripe for review at this time, the Declaratory Judgment Act cannot save this complaint.

**III.** **Conclusion**

   For the foregoing reasons, this Court does not have subject matter jurisdiction to consider this complaint.  Because this Court lacks subject matter jurisdiction, I need not reach the separate

question of whether Plaintiff's complaint fails to state a claim upon which relief can be granted.

Accordingly, it is **ORDERED and ADJUDGED** that:

1. The Defendants' Motion to Dismiss and Memorandum of Law (ECF No. 25) is **GRANTED**.

2. The Plaintiff's Complaint for De Novo Review of Naturalization Denial, Declaratory Judgment, and Other Relief (ECF No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

3. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28TH day of February 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*