**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 10-22580-Civ-COOKE-BANDSTRA**

HONG HUANG,

      Plaintiff

vs.

JANET NAPOLITANO, *et al.*,

      Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS MATTER is before me upon Plaintiff's Motion for Reconsideration. (ECF No. 59). I have reviewed the arguments, the record, and the relevant legal authority. For the reasons provided in this Order, the Plaintiff's Motion for Reconsideration is denied.

**I. BACKGROUND**

Plaintiff Hong Huang, a.k.a., Linda Huang, a citizen of China, filed an application for naturalization (Form N-400) on January 27, 2009, pursuant to INA § 316(a), 8 U.S.C. § 1427(a). On March 8, 2010, the U.S. Citizenship and Immigration Services ("USCIS") denied Ms. Huang's N-400 application and issued her a Notice to Appear, initiating removal proceedings against her. The removal proceedings are pending. On April 6, 2010, Ms. Huang filed an administrative appeal of the denial of her N-400 application pursuant to 8 U.S.C. § 1447(a). This appeal is pending. On May 10, 2010, Ms. Huang filed a complaint for *de novo* review of the USCIS's denial of her N-400 application pursuant to INA § 310 (c), 8 U.S.C. § 1421(c), for a declaratory judgment that she is eligible for naturalization, for relief of violations of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, and for a preliminary injunction staying removal proceedings pending the district court's *de novo* review of her N-400 application. (ECF No. 1). On February 28, 2011, I entered an Order dismissing Ms. Huang's Complaint for lack of subject matter jurisdiction (ECF No. 58)

because she failed to exhaust her administrative remedies.  Plaintiff now requests reconsideration of that Order.

## II.  LEGAL STANDARDS

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Id*.  To prevail on a motion for reconsideration, a party generally must present at least one of "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.*  "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Id.*

## III.  ANALYSIS

Ms. Huang argues that I should vacate my Order because it is based on three errors of law: (i) this Court has subject matter jurisdiction; (ii) no exhaustion requirement applies, or exhaustion is futile; and (iii) Ms. Huang may not be able to file another complaint after removal proceedings conclude.

First, Ms. Huang argues that the decision in *Kestelboym v. Chertoff*, 538 F. Supp. 2d 813 (D.N.J. 2008), indicates that this Court has subject matter jurisdiction over her claims.  At the outset, I note that a decision of another district court is not binding precedent upon this Court, *Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011), and this case was available at the time I entered the Order of dismissal.  Moreover, the authority Ms. Huang cites does not justify reconsideration here.

In *Kestelboym*, a plaintiff filed a complaint in the U.S. District Court for the District of New Jersey after the USCIS denied her application for naturalization and denied her request for a hearing.

538 F. Supp. 2d at 814.   When the plaintiff filed her complaint in district court, the USCIS had

initiated removal proceedings against her.  *Id*. at 815. The court noted that there is a circuit split on

the issue of whether a district court has jurisdiction over a complaint where, as here, the USCIS

denies a petitioner's naturalization application and initiates removal proceedings on the same grounds

as the denial of the application.  *Id*. at 816.  After reviewing different circuits' approaches to this

issue, the district court held that it had subject matter jurisdiction over the plaintiff's complaint.  *Id*. at

818.  Specifically, the district court found that 8 U.S.C. §1421[1] and 8 U.S.C. § 1429[2] do not preclude

a district court from reviewing the administrative denial of a naturalization application while a

removing proceeding is pending.  *Id*.

        In *Karam v. U.S. Citizenship & Immigration Servs.*, 373 F. App'x 965 (11th Cir. 2010), the

Eleventh Circuit—relying on the same legal principles that I relied upon in my Order—upheld a

district court's decision that it lacked subject matter jurisdiction over a plaintiff's complaint because,

as here, the plaintiff had not yet attended a hearing before an immigration officer on the denial of his

naturalization application.  The court held that the plaintiff failed to exhaust his administrative

remedies pursuant to 8 U.S.C. § 1421(c), and therefore the district court lacked jurisdiction over the

claim.  Although *Karam* is not binding, it is persuasive authority, particularly where the facts are

materially the same as those in the present case.  *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d

1340, 1345 n.7 (11th Cir. 2007).  I find that my Order does not contain a material error of law with

regard to the decision that this Court lacks subject matter jurisdiction.  Ms. Huang's Motion for

Reconsideration of this issue is denied.

        Second, Ms. Huang argues that courts do not require exhaustion when to do so may result in

---

[1] Section 1421(c) provides, in relevant part, that "[a] person whose application for naturalization . . . is denied,
after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such
denial before the United States district court . . . ."

[2] Section 1429 provides, in relevant part, "no application for naturalization shall be considered by the Attorney
General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued

undue prejudice.  In my Order, I found:

> Here, Congress has specifically mandated by statute that a person seeking review of the denial of a naturalization application must submit to 'a hearing before an immigration officer under section 1447(a)' before she may seek *de novo* review in a federal district court.  8 U.S.C. § 1421(c).  '[S]tatutorily created exhaustion requirements bind the parties and the courts.  When a statute requires exhaustion, a petitioner's failure to do so deprives [a court] of jurisdiction.'  *Richardson v. Reno*, 162 F.3d 1338, 1374 (11th Cir. 1998), *judgment vacated on other grounds*, 526 U.S. 1142, 119 S. Ct. 2016, 143 L. Ed. 2d 1029.

Order, p. 4.  Ms. Huang fails to raise any new arguments or point to new legal authority that places in question this Court's reasoning in holding that Ms. Huang must exhaust her administrative remedies.  I also note that in *Karam* the Eleventh Circuit similarly held that Section 1421(c) provides a statutory exhaustion requirement that binds the parties and the courts; failure to exhaust such a requirement deprives a court of jurisdiction.  373 F. App'x at 957-58.  I find that my Order does not contain a material error of law with regard to the decision that Ms. Huang failed to exhaust her administrative remedies.  Ms. Huang's Motion for Reconsideration of this issue is denied.

Finally, Ms. Huang argues that this Court made a legal error in noting that she could file another complaint after the conclusion of removal proceedings.  Ms. Huang points out that if the immigration court decides to remove Ms. Huang, she may seek review of this decision before the Board of Immigration Appeals, and then the Eleventh Circuit.  Whether or not Ms. Huang may file a new complaint does not alter this Court's ruling that it does not have subject matter jurisdiction, and therefore Ms. Huang's argument in this respect is not "of a strongly convincing nature to induce the court to reverse its prior decision."  *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Reconsideration (ECF No. 59) is **DENIED**.

---

under the provisions of this chapter or any other Act."

4

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of July 2011.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

5